McIlvaine, J.
The right to prosecute a petition in error to reverse the judgment of an inferior court, does not exist in this state except as conferred by statute. Hence, these motions must be granted unless the plaintiffs in error show their right to prosecute this proceeding against the parties moving to dismiss it.
Section 6723, Revised Statutes, provides, “ No proceeding to reverse, vacate or modify a judgment or final order shall be commenced unless within two years after the rendition of the judgment,” &c. The question is, was this proceeding, as against Chittenden, and Mitchell and Watson, commenced within two years after the rendition of the judgment sought to be reversed. This question depends on the proper construction and application of section 4987, which by analogy, applies to proceedings in error. This section reads as follows:. “ An action shall be deemed commenced, within the meaning of this section, as to each defendant, at the date of the summons which is served on him, or on a co-defendant who is a joint contractor or otherwise united in interest with him.” “ A co-defendant united in interest with him ” does not embrace every co-defondant in the original action who was a proper, or even necessary party to the action. It may be conceded that all those united in interest with him were proper and *570 necessary parties, bnV on the other hand, it is clear, that ’ all proper, and even necessary, parties defendant, are not united in interest. Hence, if Shields, who lias been served with process in error within the time limited, was not united, in liability with Chittenden, Mitchell and- Watson, who were not so served within, the time limited, there is no authority to prosecute the latter by bringing them into court by summons in error, after the expiration of the time limited for commencing such proceeding, unless the form of the judgment makes all the. defendants below united in interest.
We think it could not be successfully maintained, that a general judgment dismissing an action against all the defendants, would create a unity of interest between them within the meaning of ■ this section. True, they would have a common interest in defending such judgment, but not a unity of interest, unless indeed, the alleged liability was joint. But in the case before ns, the findings and judgment were several.
Shields had no interest in the judgments in favor of Chittenden, Mitchell1 and Watson, and these have no interest in the finding and judgment in favor of or against Shields.
This brings us to consider whether the plaintiffs below sought to enforce a joint or united liability ■ against the defendants.
1 The prime object cf the action was to set aside a deed or conveyance executed by Shields, as trustee of plaintiffs, to the other defendants. The foundation for this" relief was the alleged fraud 'of Chittenden, “ in collusion or acquiescence on the part of said Shields,” to which said Mitchell and Watson became “ parties or privies.” To this proceeding Shields was a necessary party; but was not united in interest with the other defendants in making a defense, as no redress on the ground of fraud, as against Shields, was sought, save only the' cancellation o'f the deed, and such decree could in no wise have affected him. All other redress, on the ground of fraud in the purchase of the land, in case cancellation of the deed was not obtained, was against Chittenden, Mitchell and Watson. On the other hand there is no pretense that Chittenden, Mitchell and Watson were at all interested in any relief prayed for, as against Shields. Hence, we think these defend *571 ants were not united in interest with Shields within the meaning of the statute.
I have referred to the prayer of the original petition, not because the nature of the interest, whether united or not, can be determined by the terms in which relief is sought. That question must be determined by the facts pleaded. Eut the specific relief prayed for is such, that it shows that in the mind of the pleader, the liability was neither united nor joint. The action was not to recover damages for the alleged fraud, but to set aside the deed, and if that could not be done, to compel those who had come into the possession of the property to account for its full value. It is not alleged that Shields had secured any use of the property to himself. Hence, the prayer for general relief does not change the character of the several liabilities sought to be enforced in the suit.

Motion granted.